**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 8 2021

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

JAMES W. McCORMACK, CLERK
By:_____
          DEP CLERK

MICHELLE SMITH                                                              PLAINTIFF

v.                                        Case No. 4:21-CV-578-LPR

LITTLE ROCK SCHOOL DISTRICT                                     DEFENDANT

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367 and 1441, Defendant Little Rock School District

(LRSD) removes the action styled *Michelle Smith v. Little Rock School District*, case number

60CV–21–3840, from the Circuit Court of the Pulaski County, Arkansas to the United States

District Court for the Eastern District of Arkansas, Central Division.  As grounds for removal,

LRSD states:

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ervin

1.     On June 22, 2021 Michelle Smith filed a Complaint in the Circuit Court of Pulaski

County, Arkansas.  LRSD was served with a copy of that Complaint on June 25, 2021.

2.     This Notice of Removal is timely filed under 28 U.S.C. § 1446 in that it was filed

within thirty days of June 25, 2021, which is the date of service on LRSD.

3.     The above described action is one which may be removed by LRSD consistent with

the provisions of 28 U.S.C. §§ 1331, 1367 and 1441 on the basis of federal question jurisdiction.

4.     In her Complaint, Plaintiff alleges Defendant unlawfully violated Title VII of the

Civil Rights Act of 1964, as amended.

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Title

VII claim arises "under the Constitution, laws, or treaties of the United States."  This Court has

supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's Arkansas Civil Rights Act

claims.

6.      The Eastern District of Arkansas is the proper judicial district for removal, as Pulaski County, where the action is currently pending, lies within the Eastern District.

7.      Venue is proper in the Eastern District of Arkansas, Central Division under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place, Pulaski County, where the action is pending.

8.      By filing this Notice of Removal, LRSD does not waive its right to respond to the Complaint and/or assert any claims, defenses, or other motions.

9.      In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon LRSD in this action as of the date of this filing of this Notice of Removal is attached as Exhibit A.

10.     This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446(d).

11.     A true and correct copy of this  Notice of Removal will be filed with the  clerk of the Circuit Court of Pulaski County, Arkansas, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, LRSD removes this case from the Circuit Court of Pulaski County, Arkansas, and request that this Court exercise jurisdiction.

Respectfully submitted,

Christopher Heller (AR Bar No. 81083)
FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Ave., Suite 2000
Little Rock, AR 72201-3493
(501) 370-1506
heller@fridayfirm.com

By:

Christopher Heller, *Attorneys for Defendant*
*Little Rock School District*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been sent via U.S. MAIL and EMAIL to the following on this 28th day of June, 2021:

Dylan Botteicher
Cox, Sterling, McClure & Vandiver, PLLC
8712 Counts Massie Road
North Little Rock, AR 72113
djbotteicher@csmfirm.com

Christopher Heller

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Jun-22 14:31:56
60CV-21-3840
C06D06 : 13 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### CIVIL DIVISION

**MICHELLE SMITH**                                                    **PLAINTIFF**

**VS.**                              **CASE NO. _____**

**LITTLE ROCK SCHOOL DISTRICT**                          **DEFENDANT**

### COMPLAINT

COMES NOW the Plaintiff, Michelle Smith (hereinafter "Plaintiff" or "Ms. Smith"), by and through counsel, Cox, Sterling, McClure & Vandiver, PLLC, and for her Complaint against Defendant, the Little Rock School District (hereinafter the "District"), hereby states and alleges as follows:

### I. INTRODUCTION

This is an action to redress discrimination based on gender in violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), and to redress discrimination in violation of the Arkansas Civil Rights Act of 1993 (the "ACRA"), Ark. Code Ann. §16-123-101, *et seq.*

### II. PARTIES, JURISDICTION, AND VENUE

1.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-123-101, *et seq.*, and pursuant to relevant provisions of Title VII and the ACRA.

2.      Venue is proper in this Court.

3.      Ms. Smith is a resident of Pulaski County, Arkansas.

4.      Ms. Smith works for the District. The District operates in Pulaski County, Arkansas.

5.      The events leading to this Complaint all occurred in Pulaski County, Arkansas.



6.    At all times relevant hereto, the District has been an employer and/or fiduciary within the meaning of the Title VII and the ACRA.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.    On or about March 17, 2021, Ms. Smith filed a Charge of Discrimination against the District with the Little Rock Office of the Equal Employment Opportunity Commission (the "EEOC"). Charge No. 493-2021-00498, charging the District, *inter alia*, unlawful gender discrimination in violation of Title VII and the ACRA, and retaliation for asserting rights under Title VII. A copy of the EEOC charge of discrimination has been attached hereto as **Exhibit "A"** and is incorporated by reference herein.

8.    By notice dated March 29, 2021, Ms. Smith was notified by the EEOC of her right to file a civil action against the District. A copy of the right-to-sue letter has been attached hereto as **Exhibit "B"** and is incorporated by reference herein.

9.    This lawsuit has been timely filed within 90 days of Ms. Smith's receipt of the EEOC's right-to-sue notice.

### IV. FACTUAL ALLEGATIONS

10.    Ms. Smith restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

11.    Ms. Smith has been an exemplary teacher for the District.

12.    In the fall of 2020, the principal of Southwest Magnet High School inappropriately touched Ms. Smith when she was alone in his office. Ms. Smith explained to the principal that he should not touch her inappropriately. Ms. Smith informed the principal that his touching made her uncomfortable.

2

13.     On November 10, 2020, the principal again touched Ms. Smith inappropriately when they were in the Technology Storage area alone. Ms. Smith immediately repeated that he should not touch her inappropriately and that she was uncomfortable. Ms. Smith immediately left the room to get away from the principal.

14.     The principal continuously called Ms. Smith's personal cell phone during evenings for reasons unrelated to their working relationship. Ms. Smith had previously asked the principal to not call her personal device even for work related matters. The principal ignored her directive and then scolded Ms. Smith for blocking his inappropriate calls. Afterwards, the principal demanded details of Ms. Smith's schedule on a daily basis.

15.     Ms. Smith called the HR Executive Director about the principal's behavior, and Ms. Smith received a form to file a formal complaint. After Ms. Smith filed the complaint, she met with the Director of Employee Relations and Benefits. Ms. Smith was told that an investigation would take place, but the "investigation" was a sham and was over in only nineteen minutes. Ms. Smith was informed that she needed to attend a meeting with the principal, HR Executive Director, and Director of Employee Relations.

16.     The meeting never occurred. However, The District's HR department later confirmed the veracity of Ms. Smith's complaints when the principal admitted to touching Ms. Smith inappropriately and calling Ms. Smith after work hours. Nevertheless, the District no actions to stop the inappropriate behavior toward Ms. Smith.

17.     The principal began to retaliate against Ms. Smith shortly after he learned that she had reported his discriminatory behavior. The principal ignored a directive to cease all communications with Ms. Smith. The principal continued to communicate with Ms. Smith directly and began to block her from performing her job duties in an attempt to make her seem incompetent.

3

18.     Notwithstanding Ms. Smith's work history and dedication, the District through the principal, has continued to retaliate against Ms. Smith because of her engagement in protected activity. The District has failed to act in accordance with its own policies by failing to provide protection for Ms. Smith.

## VI. CAUSE OF ACTION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19.     Ms. Smith restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

20.     Ms. Smith is an individual entitled to the protections of Title VII, and, as a woman, is protected against discrimination based on her gender.

21.     Ms. Smith was subjected to unwanted and offensive sexual harassment, about which she complained, and about which nothing was done.

22.     The District was tolerant of unwanted sexual harassment in spite of the fact that the District knew about the sexual harassment and failed to act.

23.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Ms. Smith's physical health and work performance.

24.     This sexually harassing and discriminatory conduct was sufficiently hostile to create an intimidating and offensive work environment.

25.     As a result of the District's failure to protect Ms. Smith from sexual harassment and discrimination, she suffered humiliation, emotional distress, and physical pain.

26.     The District has failed to take any reasonable or necessary steps to eliminate sex discrimination from its workplace or to prevent it from occurring in the future.

27.     Ms. Smith was engaging in activity protected under federal law when she spoke to her superiors and made the actions of the principal known. The intent and the communications

4

were documented multiple times. Ms. Smith faced retaliation soon after engaging in protected activity.

28.     As a direct and proximate result of the District's violation of the civil rights act identified above, Ms. Smith has been compelled to retain the services of counsel in an effort to obtain compensation for the consequences of the District's misconduct.

## VI. CAUSE OF ACTION
## VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT OF 1993

29.     Ms. Smith restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

30.     Ms. Smith is an individual entitled to the protections of the ACRA, and, as a woman, is protected against discrimination based on her gender.

31.     Ms. Smith was subjected to unwanted and offensive sexual harassment, about which she complained, and about which nothing was done.

32.     The District was tolerant of unwanted sexual harassment in spite of the fact that the District knew about the sexual harassment and failed to act.

33.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Ms. Smith's physical health and work performance.

34.     This sexually harassing and discriminatory conduct was sufficiently hostile to create an intimidating and offensive work environment.

35.     As a result of the District's failure to protect Ms. Smith from sexual harassment and discrimination, she suffered humiliation, emotional distress, and physical pain.

36.     The District has failed to take any reasonable or necessary steps to eliminate sex discrimination from its workplace or to prevent it from occurring in the future.

5

37.    Ms. Smith was engaging in activity protected under law when she spoke to her superiors and made the actions of the principal known. The intent and the communications were documented multiple times. Ms. Smith faced retaliation soon after engaging in protected activity.

38.    As a direct and proximate result of the District's violation of the civil rights act identified above, Ms. Smith has been compelled to retain the services of counsel in an effort to obtain compensation for the consequences of the District's misconduct.

## IX. PRAYER FOR RELIEF

39.    As relief for the above-described violations, Plaintiff requests that this Court:

A.    Grant a declaratory judgment that the actions taken against Plaintiff were disability discrimination in violation of the Title VII and the ACRA;

B.    Award Plaintiff her attorney's fees, costs, and other such sums as will make her whole for the unlawful actions taken against her;

C.    Grant Plaintiff injunctive relief enjoining Defendant from further acts of discrimination and retaliation against her and other employees;

D.    Award Plaintiff compensatory damages for pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life due to the illegal acts taken against her; and

E.    Award Plaintiff punitive damages for malice and reckless indifference to her federally and state protected rights.

40.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Michelle Smith, requests that this Court enter judgment against Defendant, the Little Rock School District; Ms. Smith has been injured by the Defendant's violations of the Civil Rights Act of 1964 and violations of the Arkansas Civil Rights Act of 1993;

and is thereby entitled to recover attorney's fees, punitive damages, emotional damages, other litigation expenses incurred herein, and for all other just and proper relief to which she may be entitled.

Respectfully Submitted,

By:   /s/ Dylan Botteicher
Dylan J. Botteicher (ABN 201710)
COX, STERLING, MCCLURE &
VANDIVER, PLLC
8712 Counts Massie Rd.
North Little Rock, AR 72113
T: (501) 954-8073
F: (501) 954-7856
E: djbotteicher@csmfirm.com
ATTORNEY FOR THE PLAINTIFF

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA | |
| | | ☒ EEOC | 493-2021-00498 |
| | | | and EEOC |

State or local Agency, if any

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MS. MICHELLE SMITH** | **(501) 442-2535** | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **2119 W 10TH, LITTLE ROCK,AR 72202** | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **LITTLE ROCK SCHOOL DISTRICT** | **501+** | **(501) 447-1000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **810 W MARKHAM ST, LITTLE ROCK, AR 72201** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest       Latest |
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | **09-01-2020    11-04-2020** |
| ☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired in 2006, my current position is Technology Instruction Coordinator. On November 5, 2020, I complained of harassment by my immediate supervisor.**

**I believe that I was harassed because of my sex(female), in violation on Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Michelle Smith on 03-17-2021 01:10 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT A

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.    FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.    AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.    PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.    ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

EXHIBIT A

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Michelle Smith**<br>**2119 W 10th**<br>**Little Rock, AR 72202** | From: | **Little Rock Area Office**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2021-00498** | **Ivonne A. Knutson,**<br>**Investigator** | **(501) 324-5469** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

3/29/2021

| Enclosures(s) | **William A. Cash, Jr.,**<br>**Area Office Director** | *(Date Issued)* |
|---|---|---|

cc:     **Robert Robinson**
**Director of Human Resources**
**LITTLE ROCK SCHOOL DISTRICT**
**810 W. Markham**
**Little Rock, AR 72201**

EXHIBIT B

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **<u>within
90 days</u> of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT B

Enclosures(s)

cc:

EXHIBIT B

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT**

MICHELLE SMITH V LITTLE ROCK SCHOOL DISTRICT

60CV-21-3840

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

LITTLE ROCK SCHOOL DISTRICT
810 W. Markham
Little Rock, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Dylan J. Botteicher
8712 Counts Massie Road
North Little Rock, AR  72113

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

Latanya Christopher, DC

Date: 06/22/2021

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk
Date: 06/22/2021

No. 60CV-21-3840 This summons is for LITTLE ROCK SCHOOL DISTRICT (name of Defendant).

PROOF OF SERVICE

❏ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or

❏ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❏ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❏ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❏ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____