**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**MICHELLE SMITH**                                                                                                    **PLAINTIFF**

**v.**                                         **Case No.: 4:21-cv-578-LPR**

**LITTLE ROCK SCHOOL DISTRICT**                                                            **DEFENDANT**

**ORDER**

      Michelle Smith filed this suit against Little Rock School District ("the District") alleging: (1) a hostile work environment based on sexual harassment; and (2) retaliation for reporting the sexual harassment.[1] On both issues, she brought claims under Title VII and the Arkansas Civil Rights Act ("ACRA").[2]

      The District moved to dismiss the Title VII retaliation claim, arguing that it was not administratively exhausted.[3] The Court dismissed the claim.[4] The District also moved to dismiss (for failure to state a claim) the Title VII and ACRA hostile-work-environment claims and the ACRA retaliation claim.[5] The Court agreed that the pleaded allegations were too conclusory to state viable claims.[6] Rather than dismissing these claims, however, the Court gave Ms. Smith an opportunity to amend her Complaint to add more specifics.[7] Ms. Smith subsequently filed an Amended Complaint.[8]

---

[1] Compl. (Doc. 2).

[2] *Id.*

[3] Mot. to Dismiss (Doc. 3); Br. in Supp. of Mot. to Dismiss (Doc. 4).

[4] Order (Doc. 9).

[5] Mot. to Dismiss (Doc. 3); Br. in Supp. of Mot. to Dismiss (Doc. 4).

[6] Order (Doc. 9).

[7] *Id.*

[8] Am. Compl. (Doc. 10).

The District again filed a Motion to Dismiss, arguing that Ms. Smith's allegations still failed to state any viable claims.[9]  This Motion is now pending before the Court.  For the reasons discussed below, the Court GRANTS the District's Motion.

## BACKGROUND[10]

A complaint is subject to dismissal when it fails to state a claim upon which relief can be granted.[11]  A complaint will survive a motion to dismiss only if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]  "Factual allegations are taken to be true at the motion-to-dismiss stage because the plaintiff has not had a full opportunity to conduct discovery and thereby uncover facts that support his or her claim."[14]

Ms. Smith is a teacher for the District.[15]  Ms. Smith alleges that her school's principal inappropriately touched her on two occasions in the fall of 2020.[16]  The first incident involved the principal stroking Ms. Smith's hair and face while the two were alone in the principal's office.[17]  The principal continued stroking her hair and face even after Ms. Smith informed the principal that the touching made her uncomfortable.[18]  How long the stroking went on for is not alleged.  This

---

[9] Mot. to Dismiss (Doc. 11); Br. in Supp. of Mot. to Dismiss (Doc. 12).

[10] The Court takes the factual allegations in the Amended Complaint (Doc. 10) as true.

[11] Fed. R. Civ. P. 12(b)(6).

[12] *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[13] *Iqbal*, 556 U.S. at 678.

[14] *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005).

[15] Am. Compl. (Doc. 10) ¶ 11.

[16] *Id.* ¶¶ 14–15.

[17] *Id.* ¶ 14.

[18] *Id.*

first incident occurred sometime in the fall of 2020, although the Amended Complaint doesn't specify an exact date.[19] The second incident occurred on November 10, 2020, when the principal again stroked Ms. Smith's hair while the two were alone in a storage room at the school.[20] In response, Ms. Smith told the principal that he should not touch her inappropriately and that she was uncomfortable.[21] She then promptly left the room.[22] Ms. Smith alleges that both incidents of touching were unwelcome and sexual in nature.[23]

In addition to these two incidents of physical touching, Ms. Smith alleges that the principal "continuously called [her] personal cell phone during evenings for reasons unrelated to their working relationship."[24] She asked him to stop calling and eventually blocked his number.[25] Ms. Smith alleges that the principal responded by demanding the details of her daily schedule.[26] It is necessary here to note that Ms. Smith does not allege that the calls from the principal were sexual in nature. Indeed, at the motion hearing, counsel for Ms. Smith (who drafted the Amended Complaint) made clear that Ms. Smith's allegations about the phone calls were *not* meant to suggest in any way that the phone calls were sexual in nature.[27] Similarly, it is necessary to note

---

[19] *Id.*

[20] *Id.* ¶ 15.

[21] *Id.*

[22] *Id.*

[23] *Id.* ¶ 14–15.

[24] *Id.* ¶ 16.

[25] *Id.*

[26] *Id.*

[27] Jan. 7, 2022 Hr'g Tr. at 32 ("The Court: You are not asking me to read into that [the] calls [were] of a sexual nature, is that correct? [Ms. Smith's Counsel]: You are correct."); *see also id.* at 33–34 ("The Court: But she has never told you what those other non work subjects were? [Ms. Smith's Counsel]: Correct, Your Honor. Well, no, let me change that. I don't know specifically. It would just be about how are you doing, but I don't know anything specific. I know she has said that it would be just him with an exchange of pleasantries, and I'm not sure what other topics they got into.").

that the Amended Complaint does not allege even an estimate of the number of calls or how long this went on for before Ms. Smith blocked the calls.

Ms. Smith filed an internal complaint about the principal's behavior with the District's Human Resources ("HR") Department.[28]  The principal allegedly admitted to the HR Department that Ms. Smith's account as stated in her internal complaint was true.[29]  Ms. Smith alleges that no disciplinary action was taken against the principal.[30]  But her Amended Complaint also acknowledges that the principal was directed to stop communicating with her.[31]

Ms. Smith alleges that the principal began to retaliate against her after he learned of her internal complaint.[32]  Ms. Smith alleges that the principal continued to communicate with her despite the District's directive to cease all communication with her.[33]  She also alleges that the principal began to "block her from performing her job duties in an attempt to make her seem incompetent" and he "isolate[d] and omit[ted] Ms. Smith from meetings and communications that are pertinent to her job duties."[34]

## DISCUSSION

While "a plaintiff need not plead facts establishing a prima facie case for [her] Title VII claim," the elements of a prima facie case "are part of the background against which a plausibility determination should be made."[35]  And such elements "may be used as a prism to shed light upon

---

[28] Am. Compl. (Doc. 10) ¶ 17.  Ms. Smith alleges that the principal's conduct violated the District Teacher Handbook's prohibition on sexual harassment.  *Id*. ¶ 20.

[29] *Id.* ¶ 18.

[30] *Id.*

[31] *Id.* ¶ 19.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021).

the plausibility of the claim."[36]  A prima facie case for a hostile-work-environment claim requires a plaintiff to establish that: "(1) she is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and her protected group status; and (4) the harassment affected a term, condition, or privilege of employment."[37]

The fourth element—whether the harassment affected a term, condition, or privilege of employment—has both objective and subjective components.[38]  "At the pleading phase, the court must determine whether the alleged harassment is 'severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe her working conditions have been altered.'"[39]  "[A] work environment is objectively offensive [if it is] one which a reasonable person would find hostile or abusive."[40]  "To determine whether a complaint alleges an objectively hostile work environment," courts look at the "totality of the circumstances," including "the frequency and severity of the discriminatory conduct, whether the conduct was physically threatening or humiliating, as opposed to a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance."[41]

The Eighth Circuit has cautioned that "[t]he standards for a hostile environment are demanding, and the conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment."[42]  To state a hostile-work-environment claim, a plaintiff must

---

[36] *Id.*

[37] *Hairston v. Wormuth*, 6 F.4th 834, 841 (8th Cir. 2021) (citations omitted).  "When a plaintiff's claim is based on harassment by a non-supervisory employee, she also must show that her employer knew or should have known of the harassment and failed to take proper action." *Id.* at 841 n.2.  Neither party argues that this standard applies here.  In any event, the Court need not reach this issue to resolve Ms. Smith's claim.

[38] *Warmington*, 998 F.3d at 796.

[39] *Id.* (quoting *Blomker*, 831 F.3d at 1056).

[40] *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 759 (8th Cir. 2004).

[41] *Warmington*, 998 F.3d at 799 (internal quotation marks and citations omitted).

[42] *Id.*

allege "more than a few isolated incidents."[43] Instead, "[t]he alleged harassment must be so intimidating, offensive, or hostile that it poisoned the work environment."[44] It is probably a serious understatement to say that this is a "steep mountain for plaintiffs" to summit.[45]

Even accepting the Amended Complaint's factual allegations as true in this case, the Court cannot reasonably infer that the alleged harassment was so severe or pervasive that it would constitute actionable sexual harassment.[46] The two alleged incidents of harassment that involved touching Ms. Smith's hair and face were isolated events. And nothing in the Amended Complaint suggests that the principal's "continuous calls" to Ms. Smith after-hours were sexual in nature. At the motion hearing, Ms. Smith's counsel confirmed that she does not allege that these calls were of a sexual nature.[47] Nor do any of her allegations allege how many times the principal called. When pressed by the Court as to how many times the principal called, Ms. Smith's counsel failed to provide a number, exact or estimated, and could only say that they were made on a "continuous" and "regular basis."[48] Such words are not facts, but conclusions dressed up as facts. Without more, two isolated incidents of touching Ms. Smith's face and hair along with an uncertain number of phone calls that were not sexual in nature are not enough (in the Eighth Circuit) to state a claim alleging a hostile work environment.[49]

---

[43] *Id.*

[44] *Id.*

[45] *Cf. Watson v. Century Mgmt., LLC*, No. 3:18-cv-00141-LPR, 2020 WL 5751566 (E.D. Ark. Sept. 25, 2020), *aff'd*, 851 F. App'x 657 (8th Cir. 2021); *see also Blomker*, 831 F.3d at 1058–59 (citing cases); *McMiller v. Metro*, 738 F.3d 185, 188–89 (8th Cir. 2013) (holding that a male supervisor's inappropriate behavior toward a female employee was not sufficiently severe or pervasive to establish harassment where the supervisor "kissed the [employee's] face on two occasions, placed his arms around her or attempted to do so three times, and requested that she remove an ingrown hair from an area near his chin").

[46] *Blomker*, 831 F.3d at 1057.

[47] *See supra* note 27.

[48] Jan. 7, 2022 Hr'g Tr at 30–31.

[49] At the motion hearing, Ms. Smith's counsel argued that the principal's conduct involved more than simply touching her hair and face. *Id.* at 26–27. Ms. Smith's counsel emphasized the fact that the principal waited until Ms. Smith

"Numerous cases" decided by the Eighth Circuit "have rejected hostile work environment claims premised upon facts equally or more egregious than the conduct at issue here."[50]  Let me be clear.  Whether or not I agree with the Eighth Circuit's controlling applications of this standard is not at issue.  As a district court judge, I am required to apply the law as currently interpreted by the Eighth Circuit.

The Court next turns to Ms. Smith's retaliation claim under ACRA.  The same legal framework applies to retaliation claims under Title VII and ACRA.[51]  Ms. Smith does not allege enough to state a viable retaliation claim.  Ms. Smith alleges that the principal retaliated against her after she filed the internal complaint about his behavior.  Ms. Smith alleges that the principal blocked her from performing her job duties and omitted her from meetings and communications related to other job duties.  The big problem for Ms. Smith is that none of this constitutes a materially adverse employment action.  For a retaliation claim to be viable, a plaintiff must at least allege a materially adverse employment action.[52]

---

was isolated and alone in private to touch her hair and face—once in his office and once in a storage room.  *Id.*  This aspect of the principal's alleged actions doesn't move the needle as far as it needs to go.

[50] *Blomker*, 831 F.3d at 1058; *see also Anderson v. Fam. Dollar Stores of Ark., Inc.*, 579 F.3d 858, 862 (8th Cir. 2009) (holding evidence insufficient to establish a hostile-work-environment claim where supervisor rubbed employee's back and shoulders, called her baby doll, accused her of not being one of his girls, told her that she should be in bed with him during a long-distance phone call, and suggested that she could go farther in the company if she got along with him); *LeGrand v. Area Res. for Cmty. and Hum. Servs.*, 394 F.3d 1098, 1100–1103 (8th Cir. 2005) (holding three incidents over a nine-month period including harasser asking plaintiff to watch pornographic movies and masturbate together, kissing plaintiff on the mouth, grabbing plaintiff's buttocks, and reaching for plaintiff's genitals were not severe or pervasive enough to poison the plaintiff's work environment); *Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 992–93 (8th Cir. 2003) (holding no hostile work environment where an employee grabbed plaintiff's buttocks and later joked to plaintiff about the incident); *Duncan v. Gen. Motors Corp.*, 300 F.3d 928, 934–35 (8th Cir. 2002) (rejecting a hostile-work-environment claim based on five incidents including a proposition for a relationship, unwelcome touching of the plaintiff's hand, asking the plaintiff draw a vulgar planter, creating a poster that featured the plaintiff as the president of "the Man Hater's Club of America," and asking plaintiff to type the beliefs of the He-Men Women Hater's Club); *supra* note 45.  The Court understands that many of these cases were decided at the summary judgment stage.  This doesn't change their utility in illustrating the high bar of the objective standard.

[51] *Brown v. City of Jacksonville*, 711 F.3d 883, 892 (8th Cir. 2013); *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 477 (8th Cir. 2010).

[52] *Moore v. McCarthy*, No. 4:20-cv-00075-JM, 2020 WL 4111448, at *2 (E.D. Ark. July 20, 2020) (dismissing retaliation claim under Title VII where plaintiff failed to allege a materially adverse employment action because she did not allege that she was "terminated, demoted, paid less, or given less benefits" by her employer).

A materially adverse employment action "is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge."[53]  "[M]inor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities" do not constitute a materially adverse employment action.[54]  Nothing in Ms. Smith's Amended Complaint comes close to alleging that she suffered a materially adverse employment action.

## CONCLUSION

Ms. Smith's Amended Complaint does not contain sufficient factual allegations to make out a hostile-work-environment or a retaliation claim.[55]  For these reasons, the Court dismisses Ms. Smith's ACRA retaliation claim as well as her Title VII and ACRA hostile-work-environment claims.

IT IS SO ORDERED this 21st day of January 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[53] *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804–05 (8th Cir. 2013).

[54] *Spears v. Mo. Dep't of Corr. & Hum. Res.*, 210 F.3d 850, 853 (8th Cir. 2000).

[55] *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("While the complaint need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests.").